# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

SHERRY LERWICK, legal        \*
representative of a minor child,     \*      No. 06-847V
B.L.,                                \*      Special Master Christian J. Moran
                                       \*
           Petitioner,       \*      Filed: August 15, 2014
                                       \*
v.                                   \*      Damages; decision based on proffer;
                                       \*      diphtheria-tetanus- acellular pertussis;
SECRETARY OF HEALTH        \*      ("DTaP"); acute disseminated
AND HUMAN SERVICES,       \*      encephalomyelitis ("ADEM").
                                       \*
           Respondent.      \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Curtis Webb, Twin Falls, ID, for petitioner;
Darryl R. Wishard, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION AWARDING DAMAGES[1]

On December 12, 2006, Sherry Lerwick filed a petition on behalf of her child, B.L., seeking compensation the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa—10 through 34 (2006). In her petition, Ms. Lerwick alleged that the diphtheria-tetanus- acellular pertussis ("DTaP") vaccination caused B.L. to suffer acute disseminated encephalomyelitis ("ADEM") and Sandifer's syndrome. Ms. Lerwick was found entitled to compensation under the Vaccine Act. Ruling, 2011 WL 4537874 (Fed. Cl. Spec. Mstr. Sept. 8, 2011).

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

A hearing was held in September 2013, to resolve the parties' disputed damages including B.L.'s attendant care needs. Ms. Lerwick was awarded interim compensation for her undisputed unreimbursed medical expenses through August 30, 2013 and pain and suffering. Decision, 2014 WL 643708 (Fed. Cl. Spec. Mstr. Jan. 23, 2014). The undersigned later ruled on B.L.'s disputed attendant care needs and the parties were ordered to incorporate the ruling into a proffer for the purpose of awarding Ms. Lerwick's compensation. Ruling, 2014 WL 3720309 (Fed. Cl. Spec. Mstr. June 30, 2014).

On August 14, 2014, respondent filed a Proffer on Award of Compensation, to which petitioner agrees. Based upon the record as a whole, the special master finds the proffer reasonable and that petitioner is entitled to an award as stated in the Proffer. Pursuant to the Proffer, with Tab A, attached hereto as "Appendix A," the court awards petitioner:

A. **A lump sum payment of $988,480.53, representing compensation for life care expenses expected to be incurred during the first year after judgment ($293,290.44) and lost future earnings ($695,190.09), in the form of a check payable to petitioner as guardian/conservator of B.L., for the benefit B.L. No payments shall be made until petitioner provides respondent with documentation establishing that she has been appointed as the guardian/conservator of B.L.'s estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of B.L., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of B.L. upon submission of written documentation of such appointment to the Secretary, and**

B. **A lump sum payment of $29,448.76, representing compensation for additional past unreimbursable expenses, in the form of a check payable to petitioner, Sherry Lerwick.**

C. **A lump sum payment of $92,007.21, representing compensation for satisfaction of the State of California Medicaid lien, payable jointly to petitioner and Petitioner agrees to endorse this payment to the State of California.**

2

**D. An amount sufficient to purchase an annuity contract,[2] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[3] from which the annuity will be purchased.[4] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner (or any other party who is appointed) as guardian/conservator of the estate of B.L., only so long as B.L. is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.

Any questions may be directed to my law clerk, Mary Holmes, at (202) 357-6353.

---

[2] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[3] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

   a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;
   b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;
   c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;
   d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

5 Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

3

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**OFFICE OF SPECIAL MASTERS**

_____

|  |  |  |
|---|---|---|
| SHERRY LERWICK, legal representative of a minor child, B.L. | ) ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No. 06-847V    ECF Special Master Moran |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) | |
| Respondent. | ) ) ) | |

_____

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.      Items of Compensation**

    A.      Life Care Items

Respondent engaged life care planner Laura Fox, MSN, RN, CNCLP, and petitioner

engaged Helen Woodard, M.A. and Amy Weaver, M.A., to provide an estimation of B.L.'s

future vaccine-injury related needs.  For the purposes of this proffer, the term "vaccine related"

is as described in the Special Master's Ruling on Entitlement, filed September 8, 2011.  All items

of compensation either identified in the life care plan, or otherwise ordered after adjudication of

several contested items of compensation by the Special Master in his Published Ruling

Regarding Compensation, filed June 30, 2014, are illustrated by the chart entitled Appendix A:

Items of Compensation for B.L., attached hereto at Tab A.[1]  Respondent proffers that B.L.

should be awarded all items of compensation set forth in the life care plan or otherwise ordered

by the Special Master and illustrated by the chart attached at Tab A.  Petitioner agrees.

_____

[1] The chart at Tab A illustrates the annual benefits provided by the life care plan or otherwise ordered by the Special Master.  The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

-1-

B.      Lost Future Earnings

The parties agree that based upon the evidence of record, B.L. will not be gainfully employed in the future.  Therefore, respondent proffers that B.L. should be awarded lost future earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(B).  Respondent proffers that the appropriate award for B.L.'s lost future earnings is $695,190.09.  Petitioner agrees.

C.      Pain and Suffering

On April 16, 2014, the Special Master issued a Published Decision, After Consideration Awarding Compensation on an Interim Basis, awarding pain and suffering in the amount of $250,000.00.  This item of compensation has been paid.  Therefore, respondent proffers that petitioner is not entitled to any additional compensation for pain and suffering under 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

D.      Additional Past Unreimbursable Expenses

On April 16, 2014, the Special Master issued a Published Decision, After Consideration Awarding Compensation on an Interim Basis, awarding past unreimbursable expenses through August 31, 2013, in the amount of $75,000.00.  Thus, a portion of this item of compensation has been paid.  Evidence recently supplied by petitioner documents petitioner's expenditure of additional past unreimbursable expenses related to B.L.'s vaccine-related injury after August 31, 2013.  Respondent proffers that petitioner should be awarded additional past unreimbursable expenses in the amount of $29,448.76.  Petitioner agrees.

E.      Medicaid Lien

Respondent proffers that B.L. should be awarded funds to satisfy the State of California Medicaid lien in the amount of $92,007.21, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of California may have against

any individual as a result of any Medicaid payments the State of California has made to, or on behalf of, B.L. from the date of his eligibility for benefits through the date of judgment in this case as a result of his vaccine-related injury suffered on or about August 3, 2004, under Title XIX of the Social Security Act.

## II.   Form of the Award

The parties recommend that the compensation provided to B.L. should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[2]

A.   A lump sum payment of $988,480.53, representing compensation for life care expenses expected to be incurred during the first year after judgment ($293,290.44) and lost future earnings ($695,190.09), in the form of a check payable to petitioner as guardian/conservator of B.L., for the benefit B.L.  No payments shall be made until petitioner provides respondent with documentation establishing that she has been appointed as the guardian/conservator of B.L.'s estate.  If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of B.L., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of B.L. upon submission of written documentation of such appointment to the Secretary.

B.   A lump sum payment of $29,448.76, representing compensation for additional past unreimbursable expenses, in the form of a check payable to petitioner, Sherry Lerwick.

C.   A lump sum payment of $92,007.21, representing compensation for satisfaction of the State of California Medicaid lien, payable jointly to petitioner and

---

[2]   Should B.L. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses and lost future earnings.

State of California
Department of Health Care Services
Recovery Branch – MS 4720
P.O. 997421
Sacramento, CA 95899-7421
DHCS Account No: C963399332E-001T
Attn: Mr. Robert McKinney

Petitioner agrees to endorse this payment to the State of California.

D.  An amount sufficient to purchase an annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[4] from which the annuity will be purchased.[5]  Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner (or any other party who is appointed) as guardian/conservator of the estate of B.L., only so long as B.L. is alive at the time a particular payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments.  The "annual amounts" set forth in the chart at Tab A describe only the total yearly

---

[3]  In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[4]  The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

      a.  A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

      b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

      c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

      d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[5]  Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program (con't) System of Records, No. 09-15-0056.

sum to be paid to petitioner and do not require that the payment be made in one annual installment.

1.      Growth Rate

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items.  Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items.  Petitioner agrees.

2.      Life-contingent annuity

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as B.L. is alive at the time that a particular payment is due.  Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of B.L.'s death.

3.      Guardianship

No payments shall be made until petitioner provides respondent with documentation establishing that she has been appointed as the guardian/conservator of B.L.'s estate.  If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/ conservator of the estate of B.L., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of B.L. upon submission of written documentation of such appointment to the Secretary.

**III.    Summary of Recommended Payments Following Judgment**

A.      Lump Sum paid to petitioner as guardian/conservator of
B.L.'s estate:                                                                                    **$ 988,480.53**

B.      Lump Sum paid to petitioner, Sherry Lerwick:                       **$  29,448.76**

C.     Medicaid Lien:                                                           **$  92,007.21**

D.     An amount sufficient to purchase the annuity contract described
       above in section II. D.

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

VORIS E. JOHNSON, JR.
Assistant Director
Torts Branch, Civil Division

*/s/Darryl R. Wishard*
DARRYL R. WISHARD
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Telephone: (202) 616-4357

Dated:  August 14, 2014

**Appendix A: Items of Compensation for B.L.**

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Year 2 | Compensation Year 3 | Compensation Year 4 | Compensation Year 5 | Compensation Years 6-8 | Compensation Year 9 | Compensation Year 10 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2014 | 2015 | 2016 | 2017 | 2018 | 2019-2021 | 2022 | 2023 |
| TriCare MOP | 5% | | | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 |
| Medicare Part B Premium | 5% | | M | | | | | | | | |
| Medicare Part B Deductible | 5% | * | | | | | | | | | |
| Pediatrician/ Internist | 5% | * | | | | | | | | | |
| Pediatric Neurologist | 5% | * | | | | | | | | | |
| Adult Neurologist | 5% | * | | | | | | | | | |
| Gastroenterologist | 5% | * | | | | | | | | | |
| Orthopaedic Surgery Eval | 5% | * | | | | | | | | | |
| Ophthalmologist | 5% | * | | | | | | | | | |
| Physical Medicine & Rehab | 5% | * | | | | | | | | | |
| Addt'l Medical Visits | 5% | * | | | | | | | | | |
| EEG | 5% | * | | | | | | | | | |
| Swallow Study | 5% | * | | | | | | | | | |
| Lab Work | 5% | * | | | | | | | | | |
| Hospitalizations | 5% | * | | | | | | | | | |
| Albuterol | 5% | * | | 25.00 | 25.00 | 25.00 | 25.00 | 25.00 | 25.00 | 25.00 | 25.00 |
| Clonaze-pam | 5% | * | | 15.00 | 15.00 | 15.00 | 15.00 | 15.00 | 15.00 | 15.00 | 15.00 |
| Diazepam | 5% | * | | 20.00 | 20.00 | 20.00 | 20.00 | 20.00 | 20.00 | 20.00 | 20.00 |
| Periactin | 5% | * | | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 |
| Trileptical | 5% | * | | 238.00 | 238.00 | 238.00 | 238.00 | 238.00 | 238.00 | 238.00 | 238.00 |
| Nexium | 5% | * | | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 |
| OTC Meds | 4% | | | 48.00 | 48.00 | 48.00 | 48.00 | 48.00 | 48.00 | 48.00 | 48.00 |
| Diapers and Supplies | 4% | | M | 2,030.00 | 2,030.00 | 2,030.00 | 2,030.00 | 2,030.00 | 2,030.00 | 2,030.00 | 2,030.00 |
| Nebulizer Supplies | 4% | * | | 6.00 | 6.00 | 6.00 | 6.00 | 6.00 | 6.00 | 6.00 | 6.00 |
| Suctioning Supplies | 4% | * | | 47.60 | 47.60 | 47.60 | 47.60 | 47.60 | 47.60 | 47.60 | 47.60 |
| Feeding Program | 4% | | M | 2,989.35 | 2,989.35 | 2,989.35 | 2,053.13 | 2,053.13 | 2,053.13 | 2,053.13 | 2,053.13 |
| LVN/ Aide/ Respite | 4% | | M | 124,472.00 | 124,472.00 | 124,472.00 | 137,324.00 | 137,324.00 | 137,324.00 | 137,324.00 | 150,176.00 |
| Case Mngt | 4% | | M | 2,400.00 | 2,400.00 | 2,400.00 | 2,400.00 | 2,400.00 | 2,400.00 | 2,400.00 | 2,400.00 |
| High Intensity PT | 4% | | | 7,000.00 | | | | | | | |
| PT | 4% | * | | | | | | | | | |

**Appendix A:  Items of Compensation for B.L.**

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Year 2 | Compensation Year 3 | Compensation Year 4 | Compensation Year 5 | Compensation Years 6-8 | Compensation Year 9 | Compensation Year 10 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2014 | 2015 | 2016 | 2017 | 2018 | 2019-2021 | 2022 | 2023 |
| OT | 4% | * | | | | | | | | | |
| ST | 4% | * | | | | | | | | | |
| Neuro-Motor Therapy | 4% | | | | | 16,000.00 | | | | | |
| Recreational Therapy & Camp | 4% | | | 1,250.00 | 1,250.00 | 1,250.00 | 1,250.00 | 1,250.00 | 1,250.00 | 1,250.00 | 1,250.00 |
| Educational Advocate | 4% | | | 1,200.00 | 1,200.00 | 1,200.00 | 1,200.00 | 1,200.00 | 1,200.00 | 1,200.00 | 1,200.00 |
| Stander | 4% | * | | | | | | | | | |
| Gait Trainer | 4% | * | | | | | | | | | |
| Suction Machine | 4% | * | | | | | | | | | |
| Nebulizer | 4% | * | | 4.00 | 4.00 | 4.00 | 4.00 | 4.00 | 4.00 | 4.00 | 4.00 |
| AFOs | 4% | * | | | | | | | | | |
| Hand Splints | 4% | * | | | | | | | | | |
| Collar | 4% | * | | | | | | | | | |
| WC- Manual | 4% | * | | | | | | | | | |
| Power WC | 4% | * | | | | | | | | | |
| Lift System | 4% | * | | | | | | | | | |
| Lift Maint | 4% | * | | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 |
| Hospital Bed | 4% | * | | | | | | | | | |
| Positioning Wedges | 4% | | | 847.50 | 169.50 | 169.50 | 169.50 | 169.50 | 169.50 | 169.50 | 169.50 |
| Sleep Safe Bed | 4% | | | 5,000.00 | | | | | | | |
| Glasses | 4% | * | | | | | | | | | |
| Vestibular Swing | 4% | | | 3,195.00 | | | | | | | |
| Educational Games | 4% | | | 100.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 |
| iPad | 4% | | | 689.99 | | | | 689.99 | | 689.99 | |
| Bath Chair | 4% | | | 560.00 | | | | | | | |
| Shower Chair | 4% | | | 1,200.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 |
| Adaptive Trike | 4% | | | 1,390.00 | | | | | | | |
| Beach WC | 4% | | | 1,819.50 | | | | | | | |
| Food Thickener | 4% | | | 149.50 | 149.50 | 149.50 | 149.50 | 149.50 | 149.50 | 149.50 | 149.50 |
| Modified Van | 4% | | | 48,424.00 | | | | | | | |
| Home Mods | 0% | | | 85,000.00 | | | | | | | |

**Appendix A:  Items of Compensation for B.L.**

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Year 2 | Compensation Year 3 | Compensation Year 4 | Compensation Year 5 | Compensation Years 6-8 | Compensation Year 9 | Compensation Year 10 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2014 | 2015 | 2016 | 2017 | 2018 | 2019-2021 | 2022 | 2023 |
| Lost Future Earnings | | | | 695,190.09 | | | | | | | |
| Add. Past Expenses | | | | 29,448.76 | | | | | | | |
| Medicaid Lien | | | | 92,007.21 | | | | | | | |
| Annual Totals | | | | 1,109,936.50 | 138,583.95 | 154,583.95 | 150,499.73 | 151,189.72 | 150,499.73 | 151,189.72 | 163,351.73 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.

Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.

As soon as practicable after entry of judgment, respondent shall make the following payment to the court-appointed guardian/ conservators of the estate of B.L. for the benefit of B.L., for lost future earnings ($695,190.09) and Yr 1 life care expenses ($293,290.44): $988,480.53.

As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner, Sherry Lerwick, for additional past un-reimbursable expenses: $29,448.76.

As soon as practicable after entry of judgment, respondent shall make the following payment jointly to petitioner and the State of California, as reimbursement of the state's Medicaid lien: $92,007.21.

Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.

Annual amounts shall increase at the rates indicated in column "G.R." above, compounded annually from the date of judgment.

Items denoted with an asterisk (*) covered by health insurance and/or Medicare.

In respondent's discretion, items denoted with an "M" payable in 12 monthly installments totaling annual amounts provided.

**Appendix A:  Items of Compensation for B.L.**

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Year 11 | Compensation Year 12 | Compensation Year 13 | Compensation Years 14-16 | Compensation Year 17 | Compensation Years 18-19 | Compensation Year 20 | Compensation Year 21 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2024 | 2025 | 2026 | 2027-2029 | 2030 | 2031-2032 | 2033 | 2034 |
| TriCare MOP | 5% | | | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | | |
| Medicare Part B Premium | 5% | | M | | | | | | | 1,258.80 | 1,258.80 |
| Medicare Part B Deductible | 5% | * | | | | | | | | | |
| Pediatrician/ Internist | 5% | * | | | | | | | | | |
| Pediatric Neurologist | 5% | * | | | | | | | | | |
| Adult Neurologist | 5% | * | | | | | | | | | |
| Gastroenterologist | 5% | * | | | | | | | | | |
| Orthopaedic Surgery Eval | 5% | * | | | | | | | | | |
| Ophthalmologist | 5% | * | | | | | | | | | |
| Physical Medicine & Rehab | 5% | * | | | | | | | | | |
| Addt'l Medical Visits | 5% | * | | | | | | | | | |
| EEG | 5% | * | | | | | | | | | |
| Swallow Study | 5% | * | | | | | | | | | |
| Lab Work | 5% | * | | | | | | | | | |
| Hospitalizations | 5% | * | | | | | | | | | |
| Albuterol | 5% | * | | 25.00 | 25.00 | 25.00 | 25.00 | 25.00 | 25.00 | | |
| Clonaze-pam | 5% | * | | 15.00 | 15.00 | 15.00 | 15.00 | 15.00 | 15.00 | 15.00 | 15.00 |
| Diazepam | 5% | * | | 20.00 | 20.00 | 20.00 | 20.00 | 20.00 | 20.00 | 20.00 | 20.00 |
| Periactin | 5% | * | | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 |
| Trileptical | 5% | * | | 238.00 | 238.00 | 238.00 | 238.00 | 238.00 | 238.00 | 238.00 | 238.00 |
| Nexium | 5% | * | | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 |
| OTC Meds | 4% | | | 48.00 | 48.00 | 48.00 | 48.00 | 48.00 | 48.00 | 48.00 | 48.00 |
| Diapers and Supplies | 4% | | M | 2,030.00 | 2,030.00 | 2,030.00 | 2,030.00 | 2,030.00 | 2,030.00 | 2,030.00 | 2,030.00 |
| Nebulizer Supplies | 4% | * | | 6.00 | 6.00 | 6.00 | 6.00 | 6.00 | 6.00 | | |
| Suctioning Supplies | 4% | * | | 47.60 | 47.60 | 47.60 | 47.60 | 47.60 | 47.60 | | |
| Feeding Program | 4% | | M | 2,053.13 | 2,053.13 | 2,053.13 | 2,053.13 | 2,053.13 | 2,053.13 | 2,053.13 | 2,053.13 |
| LVN/ Aide/ Respite | 4% | | M | 150,176.00 | 150,176.00 | 150,176.00 | 173,738.00 | 173,738.00 | 173,738.00 | 173,738.00 | 173,738.00 |
| Case Mngt | 4% | | M | 2,400.00 | 2,400.00 | 2,400.00 | 2,400.00 | 2,400.00 | 1,600.00 | 1,600.00 | 1,600.00 |
| High Intensity PT | 4% | | | | | | | | | | |
| PT | 4% | * | | | | | | | | | |

**Appendix A:  Items of Compensation for B.L.**

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Year 11 | Compensation Year 12 | Compensation Year 13 | Compensation Years 14-16 | Compensation Year 17 | Compensation Years 18-19 | Compensation Year 20 | Compensation Year 21 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2024 | 2025 | 2026 | 2027-2029 | 2030 | 2031-2032 | 2033 | 2034 |
| OT | 4% | * | | | | | | | | | |
| ST | 4% | * | | | | | | | | | |
| Neuro-Motor Therapy | 4% | | | | | | | | | | |
| Recreational Therapy & Camp | 4% | | | 1,250.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 |
| Educational Advocate | 4% | | | 1,200.00 | 1,200.00 | 1,200.00 | | | | | |
| Stander | 4% | * | | | | 4,659.00 | 310.00 | 310.00 | 310.00 | 310.00 | 310.00 |
| Gait Trainer | 4% | * | | | | | | | | | |
| Suction Machine | 4% | * | | | | | | | | | |
| Nebulizer | 4% | * | | 4.00 | 4.00 | 4.00 | 4.00 | 4.00 | 4.00 | | |
| AFOs | 4% | * | | | | | | | | | |
| Hand Splints | 4% | * | | | | | | | | | |
| Collar | 4% | * | | | | | | | | | |
| WC- Manual | 4% | * | | | | | | | | | |
| Power WC | 4% | * | | | | | | | | | |
| Lift System | 4% | * | | | | | | | | | |
| Lift Maint | 4% | * | | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 |
| Hospital Bed | 4% | * | | | | | | | | | |
| Positioning Wedges | 4% | | | 169.50 | 169.50 | 169.50 | 169.50 | 169.50 | 169.50 | 169.50 | 169.50 |
| Sleep Safe Bed | 4% | | | | | | | | | | |
| Glasses | 4% | * | | | | | | | | | |
| Vestibular Swing | 4% | | | | | | | | | | |
| Educational Games | 4% | | | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 |
| iPad | 4% | | | | | 689.99 | | 689.99 | | | 689.99 |
| Bath Chair | 4% | | | | | | | | | | |
| Shower Chair | 4% | | | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 |
| Adaptive Trike | 4% | | | | | | | | | | |
| Beach WC | 4% | | | | | | | | | | |
| Food Thickener | 4% | | | 149.50 | 149.50 | 149.50 | 149.50 | 149.50 | 149.50 | 149.50 | 149.50 |
| Modified Van | 4% | | | 42,420.00 | 4,242.00 | 4,242.00 | 4,242.00 | 4,242.00 | 4,242.00 | 4,242.00 | 4,242.00 |
| Home Mods | 0% | | | | | | | | | | |

**Appendix A:  Items of Compensation for B.L.**

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Year 11 | Compensation Year 12 | Compensation Year 13 | Compensation Years 14-16 | Compensation Year 17 | Compensation Years 18-19 | Compensation Year 20 | Compensation Year 21 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2024 | 2025 | 2026 | 2027-2029 | 2030 | 2031-2032 | 2033 | 2034 |
| Lost Future Earnings | | | | | | | | | | | |
| Add. Past Expenses | | | | | | | | | | | |
| Medicaid Lien | | | | | | | | | | | |
| Annual Totals | | | | 205,771.73 | 166,843.73 | 172,192.72 | 189,515.73 | 190,205.72 | 188,715.73 | 186,891.93 | 187,581.92 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.

Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.

As soon as practicable after entry of judgment, respondent shall make the following payment to the court-appointed guardian/conservators of the estate of B.L. for the benefit of B.L., for lost future earnings ($695,190.09) and Yr 1 life care expenses ($293,290.44): $988,480.53.

As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner, Sherry Lerwick, for additional past un-reimbursable expenses: $29,448.76.

As soon as practicable after entry of judgment, respondent shall make the following payment jointly to petitioner and the State of California, as reimbursement of the state's Medicaid lien: $92,007.21.

Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.

Annual amounts shall increase at the rates indicated in column "G.R." above, compounded annually from the date of judgment.

Items denoted with an asterisk (*) covered by health insurance and/or Medicare.

In respondent's discretion, items denoted with an "M" payable in 12 monthly installments totaling annual amounts provided.

**Appendix A: Items of Compensation for B.L.**

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Years 22-30 2035-2043 | Compensation Years 31-Life 2044-Life |
|---|---|---|---|---|---|
| TriCare MOP | 5% | | | | |
| Medicare Part B Premium | 5% | | M | 1,258.80 | 1,258.80 |
| Medicare Part B Deductible | 5% | * | | | |
| Pediatrician/ Internist | 5% | * | | | |
| Pediatric Neurologist | 5% | * | | | |
| Adult Neurologist | 5% | * | | | |
| Gastroenterologist | 5% | * | | | |
| Orthopaedic Surgery Eval | 5% | * | | | |
| Ophthalmologist | 5% | * | | | |
| Physical Medicine & Rehab | 5% | * | | | |
| Addt'l Medical Visits | 5% | * | | | |
| EEG | 5% | * | | | |
| Swallow Study | 5% | * | | | |
| Lab Work | 5% | * | | | |
| Hospitalizations | 5% | * | | | |
| Albuterol | 5% | * | | | |
| Clonaze-pam | 5% | * | | 15.00 | 15.00 |
| Diazepam | 5% | * | | 20.00 | 20.00 |
| Periactin | 5% | * | | 60.00 | 60.00 |
| Trileptical | 5% | * | | 238.00 | 238.00 |
| Nexium | 5% | * | | 60.00 | 60.00 |
| OTC Meds | 4% | | | 48.00 | 48.00 |
| Diapers and Supplies | 4% | | M | 2,030.00 | 2,030.00 |
| Nebulizer Supplies | 4% | * | | | |
| Suctioning Supplies | 4% | * | | | |
| Feeding Program | 4% | | M | 2,053.13 | 2,053.13 |
| LVN/ Aide/ Respite | 4% | | M | 173,738.00 | 173,738.00 |
| Case Mngt | 4% | | M | 1,600.00 | 1,600.00 |
| High Intensity PT | 4% | | | | |
| PT | 4% | * | | | |

**Appendix A: Items of Compensation for B.L.**

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Years 22-30 | Compensation Years 31-Life |
|---|---|---|---|---|---|
|  |  |  |  | 2035-2043 | 2044-Life |
| OT | 4% | * |  |  |  |
| ST | 4% | * |  |  |  |
| Neuro-Motor Therapy | 4% |  |  |  |  |
| Recreational Therapy & Camp | 4% |  |  | 500.00 |  |
| Educational Advocate | 4% |  |  |  |  |
| Stander | 4% | * |  | 310.00 | 310.00 |
| Gait Trainer | 4% | * |  |  |  |
| Suction Machine | 4% | * |  |  |  |
| Nebulizer | 4% | * |  |  |  |
| AFOs | 4% | * |  |  |  |
| Hand Splints | 4% | * |  |  |  |
| Collar | 4% | * |  |  |  |
| WC- Manual | 4% | * |  |  |  |
| Power WC | 4% | * |  |  |  |
| Lift System | 4% | * |  |  |  |
| Lift Maint | 4% | * |  | 50.00 | 50.00 |
| Hospital Bed | 4% | * |  |  |  |
| Positioning Wedges | 4% |  |  | 169.50 | 169.50 |
| Sleep Safe Bed | 4% |  |  |  |  |
| Glasses | 4% | * |  |  |  |
| Vestibular Swing | 4% |  |  |  |  |
| Educational Games | 4% |  |  | 50.00 | 50.00 |
| iPad | 4% |  |  | 172.50 | 172.50 |
| Bath Chair | 4% |  |  |  |  |
| Shower Chair | 4% |  |  | 300.00 | 300.00 |
| Adaptive Trike | 4% |  |  |  |  |
| Beach WC | 4% |  |  |  |  |
| Food Thickener | 4% | * |  | 149.50 | 149.50 |
| Modified Van | 4% |  |  | 4,242.00 | 4,242.00 |
| Home Mods | 0% |  |  |  |  |

**Appendix A:  Items of Compensation for B.L.**

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Years 22-30 | Compensation Years 31-Life |
|---|---|---|---|---|---|
| | | | | 2035-2043 | 2044-Life |
| Lost Future Earnings | | | | | |
| Add. Past Expenses | | | | | |
| Medicaid Lien | | | | | |
| Annual Totals | | | | 187,064.43 | 186,564.43 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.

Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.

As soon as practicable after entry of judgment, respondent shall make the following payment to the court-appointed guardian/ conservators of the estate of B.L. for the benefit of B.L., for lost future earnings ($695,190.09) and Yr 1 life care expenses ($293,290.44): $988,480.53.

As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner, Sherry Lerwick, for additional past un-reimbursable expenses: $29,448.76.

As soon as practicable after entry of judgment, respondent shall make the following payment jointly to petitioner and the State of California, as reimbursement of the state's Medicaid lien: $92,007.21.

Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.

Annual amounts shall increase at the rates indicated in column "G.R." above, compounded annually from the date of judgment.

Items denoted with an asterisk (*) covered by health insurance and/or Medicare.

In respondent's discretion, items denoted with an "M" payable in 12 monthly installments totaling annual amounts provided.